UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIANE CORDIER CHAVEZ and
LARRY CHAVEZ, her husband,

      Plaintiffs,

v.                                                                                           Case No.  8:07-cv-1199-T-24MSS

TARGET CORPORATION, a
foreign corporation authorized to
do business in the state of Florida,

      Defendant.
_____/

## **ORDER**

      This cause comes before the Court for consideration of Defendant's Notice of Removal (Doc. No. 1).  On June 12, 2007 Plaintiffs Diane Cordier Chavez and Larry Chavez ("Plaintiffs") filed suit against Defendant Target Corporation ("Defendant") in state court, alleging that Plaintiff Diane Cordier Chavez suffered personal injuries while inside Defendant's store as a result of Defendant's negligence, and that Plaintiff Larry Chavez suffered loss of consortium as a result of Defendant's negligence  (Doc. No. 2).  On July 9, 2007 Defendant filed a Notice of Removal to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. §§ 1441 and 1446 (Doc. No. 1).  Defendant asserts that this Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and because the amount in controversy exceeds $75,000.

      Diversity jurisdiction exists where the suit is between citizens of different states, and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  "[T]he removing party bears the burden of establishing jurisdiction."  *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996).

The removing party must make "an affirmative showing . . . of all requisite factors of diversity jurisdiction, including amounts in controversy, at the time removal is attempted." *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 255 (5th Cir. 1961). "[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

To establish the requisite amount in controversy, Defendant asserts that the amount in controversy requirement is "satisfied on the face of Plaintiffs' Complaint" because Plaintiffs allege serious permanent bodily injury, medical expenses, pain and suffering, loss of wages, and loss of consortium. Defendant does not rely on any records, or any admission or interrogatory response by Plaintiffs, to support this assertion. In his complaint, Plaintiffs do not specify the amount of damages they are seeking, other than to state that the damages exceed $15,000.00. Defendant's vague assertion that the amount in controversy requirement is "satisfied on the face of Plaintiffs' Complaint" alone is insufficient to establish the jurisdictional requirement by a preponderance of the evidence. *Tapscott*, 77 F.3d at 1357. Therefore, the Court directs Defendant to show cause in writing on or before July 30th, 2007, why this case should not be remanded back to the state court where it was originally filed.

**DONE AND ORDERED** at Tampa, Florida, this 19th day of July, 2007.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge